UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Jon Hanson,** | **Court File No. 09-CV-1070 (MJD/SRN)** |
| **Plaintiff,** | |
| v. | **AMENDED COMPLAINT** |
| **Loparex Inc., a Delaware corporation, and Loparex LLC, a Delaware limited liability company,** | **(JURY TRIAL DEMANDED)** |
| **Defendants.** | |

For his Amended Complaint, Jon Hanson ("Hanson") states:

## PARTIES

1. Hanson is an individual who resides in Hammond, Wisconsin.

2. Loparex Inc. is, on information and belief, a Delaware corporation, with its principal place of business in Illinois.

3. Loparex LLC is, on information and belief, a Delaware limited liability company with its principal place of business in Illinois.

4. On a date unknown to Hanson, Defendant Loparex Inc. was reorganized as Defendant Loparex LLC. In connection with the reorganization, Loparex LLC assumed all of the contractual obligations of Loparex Inc., including the Employment Agreement between Loparex Inc. and Hanson that is the subject of this action. (Defendants Loparex Inc. and Loparex LLC are hereafter sometimes referred to as "Loparex.")

## JURISDICTION VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. §1332. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(a). Loparex has consented to the jurisdiction of this Court for the purposes of this dispute.

## BACKGROUND

7. Prior to June 26, 2006, Hanson was the president of Douglas-Hanson Co., Inc., a Wisconsin corporation involved in the business of designing and manufacturing silicone release liners used in various commercial applications.

8. On June 26, 2006, Loparex USA Holding Inc., the parent company of Loparex Inc., purchased all of the issued and outstanding stock of The Douglas-Hanson Co., Inc.

9. On June 30, 2006, Hanson resigned as director and president of the Douglas-Hanson Co., Inc. On the same day, Hanson entered into an Employment Agreement with Loparex Inc. (the "Employment Agreement"), a copy of which is attached hereto as Exhibit A. Under the Employment Agreement, Hanson agreed to serve as the 3M Global Account Manager for Loparex Inc., working at Loparex Inc.'s Hammond, Wisconsin facility.

10. The Employment Agreement contains a number of provisions that purport to restrict Hanson from disclosing confidential information and from competing with Loparex Inc. Specifically, the Employment Agreement provides:

3. While Employee is employed by Company and thereafter, irrespective of the time, manner or cause of termination, Employee covenants and agrees that Employee will not disclose any Confidential Information of, or about the affairs of, Company or any of its subsidiaries of affiliates, to, or make the same available to, any competitor of Company or any other person or organization, nor will Employee use such Confidential Information except in the performance of his duties for the Company or its affiliates. Notwithstanding the foregoing, the Employee shall have the right to disclose Confidential Information (i) as necessary to comply with any subpoena or law (provided that Employee shall provide notice to the Company of any such requirement as soon as reasonably possible) or (ii) as necessary to enforce Employee's rights hereunder.

4. The Employee hereby undertakes and covenants, while employed by the Company or any of its affiliates for a period of twenty-four (24) months after the cessation of his employment or service with the Company, whether as principal or agent, and whether alone or jointly with, or as a director, partner, shareholder, employee or consultant of any other person, he will not, unless separately authorized thereto by prior written and specified consent by the Company, directly or indirectly:

   (a) be employed in a management, Employee or administrative capacity for, or perform like services for, operate, finance, or own an equity interest (except for ownership of less than 2% of the equity of a publicly traded company) of a Competitor of the Company any place globally in which the Company does Business;

   (b) solicit business from or perform services for, or for the benefit of, any customer of Company or any of its affiliates with which Employee had contact, participated in the contact, or about which Employee had knowledge of Confidential Information by reason of Employee's employment with Company within the thirty-six month period prior to termination of employment, or solicit business from or perform services for, or for the benefit of, any customer which

>was pursued by Company or any of its affiliates and with which Employee had contact, participated in the contact, or about which Employee had knowledge of Confidential Information by reason of Employee's employment with Company within the thirty-six month period prior to termination of employment; provided that such business or services solicited or offered are of the same general character as the Business of Company or its affiliates at the time of such solicitation or offer.

11. On or about August 8, 2007, Loparex LLC relieved Hanson of all of his responsibilities as the 3M Global Account Manager for the company, and directed that for the remainder of the Employment Agreement (that is, to June 30, 2009), Hanson not report to Loparex LLC's Hammond, Wisconsin facilities to work, and that Hanson provide no services of any nature to or on behalf of the company unless requested to do so by Loparex's President. Loparex LLC further directed that Hanson have no contact with any Loparex LLC customers or Loparex LLC employees.

12. On or about August 12, 2007, in an attempt to terminate Hanson's relationship with Loparex LLC, Loparex LLC prepared and presented to Hanson a Separation, Non-Competition and Release Agreement (the "Separation Agreement"). The Separation Agreement provided, among other things, that Hanson would resign his employment with Loparex LLC effective August 31, 2007, and be available to consult with said Defendant between September 1, 2007 and August 31, 2011, during which period Hanson would be paid certain compensation, but would be precluded from competing with Defendant, all as more fully detailed therein. Hanson was unwilling to, and did not, sign the proposed Separation Agreement.

-5-

13. Between August 9, 2007 and the present date, neither Loparex LLC's President, nor anyone else at Loparex, ever requested that Hanson provide any services for the company. Since August 9, 2007, Hanson has not provided any services to or on behalf of the company; he has had no contact with 3M, the sole customer that he was servicing as an employee of Loparex LLC under the Employment Agreement, or with any other Loparex customer; and he has not been provided with any information by Loparex LLC with respect to the defendant's business operations or strategies.

14. In or about January, 2009, Hanson requested that Loparex LLC release him of his non-compete obligations under his Employment Agreement. Loparex LLC failed to respond to Hanson's request.

## COUNT ONE

## DECLARATORY JUDGMENT

## INVALIDITY OF HANSON'S NON-COMPETE OBLIGATIONS

15. Hanson realleges paragraphs 1 through 14 hereof.

16. The non-compete provisions of the Employment Agreement are not reasonably necessary for the protection of Loparex. The non-compete obligations are overly broad in time and geographic scope, and are unduly burdensome on Hanson. Enforcement of the non-compete obligations is not necessary to protect any legitimate business interest of Loparex because, at Loparex's directive, Hanson has not had any relationship with any Loparex customer since in or about August 2007, and he possesses no confidential or proprietary business information that would warrant protection under the non-compete provisions of the Employment Agreement.

2368969v1

17. An actual and justiciable controversy exists between Hanson and Loparex as to the enforceability of the non-compete obligations in the Employment Agreement.

18. Pursuant to 28 U.S.C. § 2202, Hanson is entitled to a declaration of his obligations under the Employment Agreement. Specifically, Hanson requests that the Court declare that his non-compete obligations under the Employment Agreement are illegal, void and unenforceable.

### COUNT TWO

### DECLARATORY JUDGMENT

### HANSON'S NON-COMPETE OBLIGATIONS WILL TERMINATE ON AUGUST 9, 2009

19. Hanson realleges paragraphs 1 through 18 hereof.

20. Under Paragraph 4 of the Employment Agreement, Hanson agreed that "for a period of twenty-four (24) months after the cessation of his employment or *service* with [Defendant] …" he would not engage in certain competitive activities with Loparex.

21. On or about August 9, 2007, at the directive of Loparex, Hanson ceased providing any services to or on behalf of Loparex. Pursuant to Paragraph 4 of the Employment Agreement, Hanson's non-compete obligations therefore terminate no later than August 9, 2009.

22. An actual and justiciable controversy exists between Hanson and Loparex as to the enforceability of the non-compete obligations in the Employment Agreement.

23. Pursuant to 28 U.S.C. §2202, Hanson is entitled to a declaration of his obligations under the Employment Agreement. Specifically, Hanson requests that the

Court declare that his non-compete obligations under the Employment Agreement terminate on August 9, 2009.

## COUNT THREE

### TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY

24. Hanson realleges paragraphs 1 through 23 hereof.

25. Hanson recently received an offer of employment from Mondi Akrosil, LLC ("Mondi"), a company that competes with Loparex LLC. The offer of employment is conditioned upon Hanson obtaining a release from Loparex LLC that allows him to accept the employment by June 26, 2009, or a court order allowing the employment.

26. Loparex has been advised of the employment offer, but has refused to consent to Hanson's employment with Mondi, wrongfully contending that the non-compete obligations in the Employment agreement prohibit the employment.

27. Loparex LLC's actions in refusing to consent to Hanson's employment by Mondi are wrongful and without justification, in that the non-compete obligations in the Employment Agreement are illegal, void and unenforceable, and in any event, terminate no later than August 9, 2009.

28. As a result of Loparex's wrongful interference with Hanson's business expectancy, Hanson will be damaged, in an amount to be established at trial.

WHEREFORE, Hanson demands judgment of this Court:

1. Declaring that Hanson's non-compete obligations under the Employment Agreement are illegal, void and unenforceable;

-8-

2. Alternatively, declaring that Hanson's non-compete obligations under the Employment Agreement terminate on August 9, 2009;

3. For judgment against Loparex LLC in an amount to be established at trial;

4. Awarding Hanson his costs, disbursements, and attorney's fees herein; and

5. Awarding such other and further relief as is just and equitable.

Dated:  June 18, 2009                                **BRIGGS AND MORGAN, P.A.**


By:   s/ Michael H. Streater
   Michael H. Streater (#106331)
   Christianne A. Riopel (#0348247)
2200 IDS Center
80 South Eighth Street
Minneapolis, MN  55402-2157
(612) 977-8400

**ATTORNEYS FOR PLAINTIFF**