## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Jon Hanson,                                      Civil No. 09-1070 (SRN/FLN)

      Plaintiff and Counter-Defendant,

      v.                                    **MEMORANDUM OPINION**
                                                              **AND ORDER**

Loparex, Inc., and Loparex, LLC,

      Defendants, Counter-Plaintiffs,
      and Third-Party Plaintiffs,

      v.

Mondi Packaging Akrosil, LLC, and
Mondi Packaging Minneapolis, Inc.,

      Third-Party Defendants.

---

Michael H. Streater, and Christianne Riopel Whiting, Briggs and Morgan, P.A., 2200 IDS Center, 80 South Eighth Street, Minneapolis, MN, 55402, for Plaintiff.

Charles W. Pautsch, and Lisa A. Baiocchi, Jackson Lewis LLP, 200 South Executive Drive, Suite 101, Brookfield, WI 53005, for Defendants.

Kerry L. Middleton, Littler Mendelson, P.C., 80 South Eighth Street, Suite 1300, Minneapolis, MN, 55402; and Jonathan O. Levine, Littler Mendelson, P.C., 250 East Wisconsin Ave., Milwaukee, WI, 53202, for Third-Party Defendants.

---

SUSAN RICHARD NELSON, United States District Judge

      This matter is before the Court on the motions for discovery sanctions brought by

Plaintiff Jon Hanson (Doc. Nos. 225 & 276), and by Defendants Loparex Inc. and

Loparex LLC  (Doc. No. 290), as well as on the motions for Rule 11 sanctions against

Defendants Loparex Inc. and Loparex LLC brought by Hanson (Doc. No. 416), and by

Third-Party Defendants Mondi Packaging Akrosil, LLC, and Mondi Packaging

Minneapolis, Inc. (Doc. No. 448).  For the reasons stated below, this Court denies as

moot in part, denies in part, and grants in part both of Hanson's discovery motions, and

denies Loparex's discovery motion.  Furthermore, this Court denies as moot in part,

denies in part, and grants in part both Rule 11 motions.

## I.      FACTUAL AND PROCEDURAL SUMMARY

The resolution of these motions is best understood in the context of the unusual

and–in light of the ultimate outcome on the merits–unjustifiably lengthy and involved

history of this case.

### A.      Claims, Counterclaims and Third-Party Claims

In May 2009, Hanson filed this action against Defendants Loparex Inc. and

Loparex LLC (collectively, "Loparex") seeking a declaratory judgment that his June 30,

2006 non-compete agreement with Loparex, his former employer, was either invalid or

terminated in August 2009.  (Doc. No. 1.)  Loparex's Answer included counterclaims

against Hanson for tortious interference with contract and tortious interference with a

prospective business relationship or contract.  (Doc. No. 5.)  Plaintiff then amended his

Complaint to add a claim for tortious interference with a business expectancy, that is, a

job offer from Third-Party Defendant Mondi Packaging Akrosil, LLC.  (Doc. No. 10.)  In

response, Loparex amended its Answer to add additional counterclaims against Plaintiff.

(Doc. No. 16.)  Loparex's Amended Answer also initiated a third-party action against

Third-Party Defendants Mondi Packaging Akrosil, LLC, and Mondi Packaging

Minneapolis, Inc. (collectively, "Mondi"), asserting a claim for tortious interference with

2

Loparex's non-compete agreement with Plaintiff.  (Id.)  In October 2009, however, Mondi was dismissed from this action, pursuant to a stipulation.  (Doc. Nos. 111, 115.)

In December 2009, the Court permitted discovery of certain information on Hanson's computer.  (Doc. No. 164, at 2.)  Although the action had been contingently settled in February 2010, in June 2010 the Court, pursuant to the parties' stipulation, permitted the litigation to continue based on some e-mails Loparex obtained from the search of that computer.  (Doc. Nos. 184, 185.)  Accordingly, Loparex filed its Second Amended Answer, which again named Mondi as Third-Party Defendants and added new counterclaims against Hanson as well as four additional third-party claims against Mondi based on the newly-discovered e-mails.  (Doc. No. 183.)  On December 7, 2010, the Court denied Loparex's motion to amend to add an additional claim for misappropriation of trade secrets.  (Doc. No. 317.)  The Court also denied Loparex's motions for leave to seek punitive damages (Doc. No. 392), and its motion to file a third amended answer seeking to add a claim for tortious abuse of process and to add additional third-party defendants (Doc. No. 436).

### B.     Summary Judgment Motions

In the interim, Hanson moved for partial summary judgment, seeking a declaration that his non-compete obligations were unenforceable and that, in any event, they ended on August 9, 2009.  (Doc. No. 46.)  On January 20, 2010, the Court (Chief Judge Davis) granted that motion.  (Doc. No. 171.)  In October 2010, Loparex moved for relief from the January 20, 2010 Order.  (Doc. No. 230.)  This Court denied relief.  (Doc. No. 459.)

The remaining claims after Judge Davis's January 20, 2010 Order were thus confined, with the minor exception of Hanson's sole remaining claim against Loparex for tortious interference with a business expectancy (Doc. No. 10 (Amended Complaint, Count III)), to Loparex's eight counterclaims against Hanson and five third-party claims against Mondi, (Doc. No. 183 (Second Amended Answer, Defenses, Counterclaims, and Third-Party Complaint)).  With one exception, all parties moved for summary judgment on all remaining claims.  (Doc. No. 358 (Hanson's motion for summary judgment on all of Loparex's counterclaims); Doc. No. 356 (Mondi's motion for summary judgment on all of Loparex's third-party claims); Doc. No. 362 (Loparex's motion for summary judgment on all of its counterclaims against Hanson, all of its third-party claims against Mondi, and for summary judgment on Hanson's remaining claim for tortious interference with business expectancy).)  This Court denied Loparex's motion and granted Hanson's and Mondi's motions.  (Doc. No. 461.)

Meanwhile, discovery disputes continued almost incessantly.  (See, e.g., Doc. No. 175 (granting Hanson's motion to compel); Doc. No. 203 (granting Hanson's motion to compel, denying motion to dismiss as sanction); Doc. No. 216 (denying Loparex's motion to compel); Doc. No. 355 (granting in part and denying in part Mondi's motion to compel); Doc. No. 397 (denying Loparex's motion for sanctions and discovery).)

The last outstanding discovery motions, two brought by Hanson, and one by Loparex, seek sanctions for alleged discovery misconduct.  (Doc. Nos. 225, 276 & 290.) Finally, Hanson and Mondi each moved for Rule 11 sanctions.  (Doc. Nos. 416 & 448.)

## II.     DISCUSSION

The Court turns first to the discovery motions.

### A.     Rule 37 Discovery Sanctions

#### 1.     Hanson's Motions For Sanctions

With respect to Hanson's two motions, Hanson seeks, pursuant to Rule 37, various sanctions for Loparex's failure to comply with certain discovery requests.  (Doc. Nos. 225 & 276).  With respect to the first of these motions, Hanson moved the Court to sanction Loparex by dismissing with prejudice Loparex's counterclaim that seeks damages for the allegedly disparaging statements that Hanson made to Loparex's finance teams, statements which Loparex–until recently–had alleged caused its bankers to require an audit of Loparex.  (Doc. No. 225.)  In the alternative, Hanson requested that the Court order Loparex to comply with the discovery requests at issue.  (Id.)  He also sought his fees and costs incurred in that motion, his motion of August 21, 2009, and a Rule 30(b)(6) corporate deposition of Loparex.

At the October 18, 2010 hearing on this matter, the Court largely granted the motion, and took the remainder under advisement.  (Doc. No. 249.)  The Court ordered Loparex to provide a full and complete response to Plaintiff's damages interrogatory, and to produce all documents regarding Loparex's damage claim.  The Court further ordered Loparex to produce for deposition a Rule 30(b)(6) corporate representative to testify regarding Loparex's damages claims, as well as an Ernst & Young Rule 30(b)(6) corporate representative regarding its 2009 audit of Loparex.  (Id. (and further permitting

Hanson to file an affidavit specifying his fees and costs incurred in bringing the motion).)

With respect to the remaining part of the motion that the Court took under advisement, the alternative request of dismissal of Loparex's claim is now moot in light of this Court's summary judgment Order.  And with respect to Hanson's request for its fees and costs (beyond what the Court already has permitted in its Order of October 18, 2010), Hanson's request for such relief is best addressed in the context of the Court's disposition of the later-filed Rule 11 motions.

Hanson's second motion, again pursuant to Rule 37, essentially reiterates his earlier motion, arguing Loparex failed to comply with the Court's resulting October 18, 2010 Order.  Hanson claims Loparex's "supplemental interrogatory response . . . is woefully deficient" insofar as "Loparex has failed to produce *any* documents evidencing or reflecting the almost 875 hours of time allegedly spent by Loparex employees in responding to the Ernst & Young audit," which began several weeks before Hanson's first communication with Loparex's bankers.  (Doc. No. 278, at 3.)  Hanson also asserts that Loparex failed to produce the Ernst & Young audit report because 74 of its 78 pages were redacted, refused to produce corporate representatives for depositions, and failed to identify any bank employee with knowledge regarding the basis for the audit.  (Id. at 14.)

Hanson seeks dismissal of Loparex's claim regarding the bank audit costs, or alternatively, an order compelling damages discovery.  He also seeks an extension of the discovery deadline, and recovery of his fees and costs incurred in the present motion, his motion of August 21, 2009, and for the Rule 30(b)(6) deposition of February 5, 2010.

Much of the relief Hanson requests, namely dismissal of the audit damages claim and an extension of discovery, is now moot.  Discovery is over.  Most importantly, Loparex withdrew its damages claim based on the audit.  (Doc. No. 460.)  And again, with respect to Hanson's request to recover his attorney fees and costs, such relief is better addressed in the context of his Rule 11 motion.

### 2.      Loparex's Motion For Sanctions

With respect to Loparex's motion, Loparex seeks, pursuant to the "inherent powers" of the Court, various sanctions against both Hanson and Mondi.  (Doc. No. 290).  Loparex argues Hanson's discovery motions were brought with "unclean hands as he actively committed perjury and spoliated evidence, along with Mondi."  (Doc. No. 318, at 2.)  Loparex also contends that recent production shows "Hanson and Mondi knowingly deceived this Court with earlier claims" and "engaged in spoliation."  (Id. at 3.)

Regarding Hanson, Loparex argues that Hanson made various false claims in this litigation–for example, that he did not have contact with, or sales to, Loparex's customers, and that he preserved relevant evidence.  (Id. at 3-17.)  In response, Hanson claims Loparex's motion "is nothing more than a series of unsubstantiated, defamatory allegations . . . none of which has any relevance to any claim."  (Doc. No. 297, at 1.)  Hanson thus seeks counter-sanctions for having to respond to it.  (Id.)

Regarding Mondi, Loparex claims it spoliated numerous documents, and delayed production of others, thereby purportedly facilitating the partial summary judgment in favor of Hanson.  (Doc. No. 318, at 11-14, 17.)  In response, Mondi contends the motion

is "spurious" and thus seeks "appropriate sanctions."  (Doc. No. 306, at 2.)[1]

    With respect to Loparex's motion, the Court denies all requests for relief.  Most, if
not all, of the issues raised by Loparex have become moot since the motion was filed.
With respect to Hanson, the Court already has determined that the competent evidence of
record does not at all support Loparex's allegations that, for example, Hanson destroyed
evidence by reformatting his computer and deleting e-mails, or that Hanson lied in his
deposition.  With respect to Mondi, Loparex's allegations are similarly unsubstantiated.

### B.    Rule 11 Sanctions

    The Court turns to Hanson's and Mondi's Rule 11 motions.  Hanson and Mondi
each argue that Loparex's eight counterclaims against Hanson and five third-party claims
against Mondi are unwarranted by existing law or by a non-frivolous argument for either
a deviation from such law or the establishment of new law, and rest on factual allegations
lacking evidentiary support.

    Under Rule 11, a party submitting a pleading, motion or other written submission
"certifies that to the best of the person's knowledge, information and belief, formed after
an inquiry reasonable under the circumstances," the submission satisfies four criteria:

(1)    it is not being presented for any improper purpose, such as to harass, cause
        unnecessary delay, or needlessly increase the costs of litigation;
(2)    the claims, defenses, and other legal contentions are warranted by existing
        law or by a nonfrivolous argument for extending, modifying, or reversing
        existing law or for establishing new law;
(3)    the factual contentions have evidentiary support or, if specifically so
        identified, will likely have evidentiary support after a reasonable

---

[1]    Mondi elsewhere contends the motion is now moot in light of Magistrate
Judge Noel's Order of March 2, 2011 (Doc. No. 397).  (Doc. No. 453, at 6 n.3.)

opportunity for further investigation or discovery; and

(4)   the denials of factual contentions are warranted on the evidence or, if
specifically so identified, are reasonably based on belief or a lack of
information.

Fed. R. Civ. P. 11(b).[2]  Although our adversarial system of justice requires that "attorneys

zealously represent their clients," "tactics that are unjustifiable" will not be tolerated.

MHC Investment Co. v. Racom Corp., 323 F.3d 620, 626-27 (8th Cir. 2003).  Whether an

attorney fails to balance these competing interests properly is governed by an "'objective

reasonableness' standard."  Miller v. Bittner, 985 F.2d 935, 938 (8th Cir. 1993).

Where a Rule 11 sanction is appropriate, the sanction

must be limited to what suffices to deter repetition of the conduct or
comparable conduct by others similarly situated.  The sanction may include
nonmonetary directives; an order to pay a penalty into court; or, if imposed
on motion and warranted for effective deterrence, an order directing
payment to the movant of part or all of the reasonable attorney's fees and
other expenses directly resulting from the violation.

Fed. R. Civ. P. 11(c)(4).

Hanson contends that all of Loparex's counterclaims "lack[ed] factual or legal

merit," either from the time they were first asserted or at least as of the time Hanson

provided Loparex with a Rule 11 "safe-harbor" notice requesting that Loparex withdraw

all of its claims.  (Doc. No. 418, at 30.)  He thus requests dismissal of Loparex's

counterclaims and reimbursement for his attorney fees and costs incurred in defending

against the "baseless" and "meritless" claims that Loparex pursued.  (Id. at 30.)

---

[2]      Both served Loparex with the requisite notice of intent to seek such
sanctions.  See Fed. R. Civ. P. 11(c)(2) (prohibiting filing of motion if the allegedly
improper submission is withdrawn or corrected within 21 days after motion is served).

Hanson's argument to that end essentially tracks his arguments on the parties' cross-motions for summary judgment, and there is no need to reiterate that analysis here in light of the Court's Order granting Hanson's motion for summary judgment and denying Loparex's motion for summary judgment.[3]

Similarly, Mondi seeks dismissal with prejudice of Loparex's third-party claims, but requests reimbursement only for its attorney fees and costs incurred after August 31, 2010. (Doc. No. 453, at 2-3.) Mondi contends that even if Loparex's third-party claims were arguably valid when asserted, Loparex nevertheless knew, no later than August 31, 2010, that those claims lacked factual support or legal merit, yet continued to "aggressively pursue frivolous claims" and, furthermore, sought summary judgment in its favor on such claims. (Id. at 25.) As with Hanson's motion, Mondi's motion for Rule 11 sanctions essentially parallels its summary judgment arguments, contending not only that it is entitled to judgment on all of Loparex's third-party claims, but that such claims were so devoid of any factual or legal merit as to render Loparex's pursuit of them a violation

---

[3] Loparex thus contends that Hanson's sanctions motion is improper for being not only duplicative of its summary judgment motion but also, due to the overlapping briefing schedules with respect to the sanctions and summary judgment motions, a distracting "harassment" of Loparex. (Doc. No. 426, at 5-6.) But if, as Hanson contends, Loparex lacked factual support and / or legal merit for its claims, there is nothing improper in both seeking summary judgment on such claims and seeking Rule 11 sanctions for having to defend against such claims. Loparex also argues that Hanson (1) should have brought what is a non-dispositive motion before the Magistrate Judge, (2) improperly seeks dismissal of Loparex's claims even though Rule 11 permits only recovery of reasonable expenses, (3) filed its motion too late with respect to the hearing date, and (4) filed its motion in violation of the scheduling order. (Id. at 6-10.) Loparex thus requests that this Court award it "whatever relief [the Court] deems appropriate for Loparex to respond to this motion." (Id. at 19.) The Court denies any such relief because Loparex has not demonstrated that it suffered any meaningful prejudice.

of Rule 11.[4]  And again, the Court, having granted Mondi summary judgment on all such

claims, will not cover that ground yet again.

This Court is intimately familiar with this action, including the discovery disputes

and the summary judgment motions.[5]  Based on this Court's disposition of those summary

judgment motions, much of the relief Hanson and Mondi seek–dismissal of Loparex's

counterclaims and third-party claims–already has been afforded those parties by virtue of

this Court having denied Loparex's summary judgment motion and having granted

Hanson's and Mondi's cross-motions.  Accordingly, the present Rule 11 motions are

moot insofar as each requests such dismissal.  Hanson and Mondi also request, however,

the attorney fees and costs they incurred in defending against Loparex's counter-claims

and third-party claims.

The Court concludes that Hanson and Mondi should recover their fees and costs

incurred in defending against Loparex's damages claim based on the audit that Ernst &

Young conducted in early 2009, and which until recently Loparex had alleged was caused

by Hanson's disparaging remarks about Loparex to its bankers that had financed

Loparex's acquisition of Douglas-Hanson.  The sanction is imposed solely against

---

[4]      In response, Loparex argues not only that Mondi's motion for sanctions
should be denied, but that "the Court should award whatever relief it deems appropriate
for Loparex to respond to this motion," which it contends "amounts to a backdoor attempt
to reargue [Mondi's] motion for summary judgment."  (Doc. No. 456, at 34.)  For much
the same reasons it denied Loparex relief with respect to Hanson's motions, the Court
declines to award Loparex any such relief.

[5]      The undersigned served as the Magistrate Judge assigned to this action until
December 22, 2010, and since January 12, 2011 as the District Judge assigned to it.

Loparex's counsel.[6]  Loparex's counsel lacks–and, based on the evidence of record, has

lacked since it first asserted the claim–any evidentiary support whatsoever for that

damages claim.  See Fed. R. Civ. P. 11(b)(3).  Loparex's counsel repeatedly represented

that it made the claim in good faith and with evidentiary support, only for it to become

clear in the end that, quite to the contrary, Loparex never had any evidence to support the

claim.  And because Loparex nonetheless pursued that claim until finally withdrawing it

on April 29, 2011, Loparex has needlessly and significantly increased the cost of this

litigation.  See Fed. R. Civ. P. 11(b)(1).

The Court recognizes that pursuant to the 1993 amendments to Rule 11, "the main

purpose of Rule 11 is to deter improper behavior, not to compensate the victims of it or

punish the offender."  5A Charles Alan Wright and Arthur Miller, Federal Practice and

Procedure § 1336.3, at 689 (3d ed. 2004).  Nevertheless, Rule 11 expressly authorizes

recovery of "attorney's fees and other expenses" where "warranted for effective

deterrence."  Fed. R. Civ. P. 11(c)(4).

Under the particular circumstances of this case, the Court concludes that effective

deterrence of similar conduct requires payment to Hanson and Mondi all of the

reasonable attorney's fees and other expenses directly resulting from Loparex's untenable

---

[6]      Rule 11 prohibits a court from imposing a monetary sanction "against a
represented party for violating Rule 11(b)(2)."  Fed. R. Civ. P. 11(c)(5)(A).  The Court
understands this provision to preclude only a monetary sanction against the *client*, not to
preclude monetary sanctions for Rule 11(b)(2) violations outright, that is, against either
the client or its attorney, simply because the client is represented.  Id., 1993 adv. cmte.
note ("Monetary responsibility for such violations is more properly placed solely on the
party's attorneys.").  In any event, the Court imposes the present sanction not for a Rule
11(b)(2) violation, but rather for  violations of Rule 11(b)(1) and 11(b)(3).

pursuit of its damages claims for the Ernst & Young audit.  Here, unlike other conduct

sanctionable under Rule 11, Loparex's pursuit of this claim–right up until the hearing on

summary judgment–involved an ongoing violation of Rule 11 that caused a needless

increase in the cost of this litigation for Hanson and Mondi.  Each attempt by Hanson and

Mondi to ferret out the evidentiary support for Loparex's damages claim resulted, not in

the production of evidence permitting them to discern the basis for Loparex's claim, but

rather only in a seemingly endless cycle of additional discovery, incrementally increasing

the litigation costs to them at every step.  To make matters worse, they then had to

address the issue not only in their motions for summary judgment, but also in their

responses to Loparex's motion for summary judgment.

In light of the fact that summary judgment already has been granted against all of

Loparex's counterclaims and third-party claims on their merits, Rule 11's deterrence

function could not be served by dismissal of those claims.  Nor would some other non-

monetary sanction provide adequate deterrence.  Moreover, an award of fees and costs to

Hanson and Mondi, while compensating them for the consequences of Loparex's

violation, still also serves to deter such conduct in the future.  Finally, an award of the

consequential fees and costs incurred by Hanson and Mondi is proportional to the extent

of the violation:  whereas a brief violation of this sort, followed by a prompt concession

of the lack of any basis to pursue a baseless claim, would merit only a lesser monetary (or

other) sanction, the ongoing violation at issue here warrants the greater sanction of the

consequential fees and costs incurred as the violation continued until the claim was

withdrawn at the last minute.  That withdrawal occurred only on April 29, 2011, after

completion of all of the briefing on the three summary judgment motions and all of the

briefing on Hanson's Rule 11 motion, and following the April 18, 2011 hearing on that

sanctions motion (but shortly before the May 2, 2011 hearing on summary judgment).

Moreover, the Court repeatedly highlighted Loparex's lack of any proof of

damages with respect to that claim.  (Doc. No. 461 (summarizing history of lack of

damages evidence).)  This Court (as well as Hanson) noted the lack of any competent

evidence on which Loparex could pursue this claim as early as August 2010.  On August

2, 2010, shortly after the case was re-opened following the contingent settlement, the

Court expressly acknowledged "Hanson's frustrations with the difficulties" he

encountered in obtaining satisfactory discovery responses from Loparex.  (Doc. No. 203,

at 5.)  With respect to Loparex's claimed damages on its counterclaims, the Court again

ordered Loparex to provide evidentiary support for its damages claims, particularly with

respect to the Ernst & Young audit.  (Id. ("The Court also agrees that the invoice from the

Ernst & Young audit should have been produced earlier.").)

> [D]iscovery needs to move forward in this case, including on the issue of
> Loparex's damages for its counterclaims.  Loparex needs to produce
> information relating to the audit, the expenses related to the audit, and any
> underlying information regarding employee time spent preparing for and
> responding to the audit. . . . [T]his will necessarily include subpoenaing
> documents from the two banks and from Ernst & Young.  Loparex may not
> merely create a spreadsheet at the time of expert discovery, but rather must
> produce any underlying information that its damages expert may rely on in
> preparing his or her report.

(Id.)

14

At the October 18, 2010 hearing on Hanson's motion for sanctions, Hanson's counsel summarized his unsuccessful efforts to obtain from Loparex an explanation of its claims for damages.  (Doc. No. 288, at 22-28.)[7]  The Court emphasized to Loparex that if the discovery is "not produced completely and totally in seven days, you don't have a basis for your claim."  (Id. at 30.)  The Court clarified that the issue had remained unresolved "for over a year," and reminded Loparex's counsel that "[w]e had this discussion last time too."  (Id.)  In an effort to ensure that Loparex understood, the Court reiterated:  "Seven days or there is no claim."  (Id.)

Since then, the additional evidence produced with respect to this issue only serves to further undermine the validity of Loparex's claim for damages resulting from the audit. At his February 9, 2011 deposition, Michael Apperson, Hanson's supervisor at Loparex, testified that the "direct reason" that the audit was initiated was the fact that Loparex was not performing up to the level that its covenants with the banks that financed its acquisition of Douglas-Hanson promised, and that Hanson's statements to those banks were only an "indirect reason" for the audit.  (Doc. No. 407, Ex. F.)  And the evidence of record discloses that Hanson did not first communicate with those banks until well after the audit was underway.  Thus, Loparex reasonably should have known that it could not

_____

[7]        Rule 11 "does not apply to disclosures and discovery requests, responses, objections and motions under Rules 23 through 37."  Fed. R. Civ. P. 11(d).  The Court is not sanctioning Loparex for any violation of the discovery rules, however, but rather for needlessly pursuing a claim that lacked any evidentiary support.  The fact that the Court is imposing the monetary sanction of the fees and costs Hanson and Mondi incurred in defending against this claim, which likely would include their efforts to discover the evidentiary basis for Loparex's claim, does not render this sanction a discovery sanction.

establish that Hanson's statements initially caused the audit.  Moreover, although Loparex contends that those statements "aggravated" the audit, it offers no evidence of that purported causal contribution to the audit, nor any evidence of what damages could be attributed to Hanson's statements as opposed to the "direct reason" that the banks initiated the audit.  And as Taylor testified–as far back as February 2010–the audit disclosed nothing improper.  (Doc. No. 412-9, Ex. S. ("Audit found nothing.").)  Finally, the Court notes that the resulting report from the audit–the vast majority of which, essentially everything except the first few introductory pages, was redacted–fails to support Loparex's theory.  (Doc. No. 279, Ex. B.)

Under these circumstances, an objectively reasonable attorney would not have pursued a claim for damages emanating from the Ernst & Young audit.  Loparex should have realized early on–the audit was completed more than a year before the case was re-opened in June 2010–that it had no evidence that Hanson's conduct caused or otherwise contributed to the audit so as to support any damages claim for the costs of that audit.

Accordingly, Hanson and Mondi may submit affidavits limited to the attorney fees and other costs they incurred in defending against Loparex's claim that it suffered damages as a result of the audit.[8]  The Court will determine the appropriate amount of monetary sanctions based on those submissions without oral argument.

---

[8]     The Court already permitted Hanson to submit an affidavit of his fees and costs incurred in connection with his October 4, 2010 motion.  (Doc. No. 249.)  Hanson's counsel submitted a declaration on October 22, 2010.  (Doc. No. 251.)  Any request for Hanson's fees and costs incurred in responding to Loparex's claims regarding that audit should, therefore, not duplicate whatever portion of the previously-requested fees and costs were attributable to responding to Loparex's claim regarding that audit.

III.    ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1.    The remaining portion of Hanson's motion for sanctions [Doc. No. 225] is **DENIED IN PART** (insofar as Hanson seeks the fees and costs he incurred) and **DENIED AS MOOT IN PART** (insofar as he seeks discovery and dismissal);

2.    Hanson's motion for sanctions [Doc. No. 276] is **DENIED IN PART** (insofar as Hanson seeks the fees and costs he incurred) and **DENIED AS MOOT IN PART** (insofar as he seeks discovery, extension of the discovery deadline, and dismissal);

3.    Loparex's motion for sanctions [Doc. No. 290] is **DENIED**;

4.    Hanson's motion for Rule 11 sanctions [Doc. No. 416] is **DENIED AS MOOT IN PART** (insofar as Hanson seeks dismissal of Loparex's counterclaims), **DENIED IN PART** (insofar as Hanson seeks to recover all of his fees and costs incurred in this action), and **GRANTED IN PART** (insofar as Hanson seeks to recover his fees and costs incurred regarding Loparex's claim for damages stemming from the audit);

5.    Mondi's motion for Rule 11 sanctions [Doc. No. 448] is **DENIED AS MOOT IN PART** (insofar as Mondi seeks dismissal of Loparex's counterclaims), **DENIED IN PART** (insofar as Mondi seeks to recover all of its fees and costs incurred in this action after August 31, 2010), and **GRANTED IN PART** (insofar as Mondi seeks to recover its fees and costs incurred regarding Loparex's claim for damages stemming from the audit);

6.      Hanson and Mondi each may file, no later than August 29, 2011, supporting affidavits regarding the attorney fees and costs they incurred with respect to Loparex's claim for damages allegedly due to the Ernst & Young audit; and

7.      Loparex may file a responsive memorandum of no more than 5 pages no later than September 6, 2011.


Dated:   August 15, 2011                              s/ Susan Richard Nelson
                                                     SUSAN RICHARD NELSON
                                                     United States District Judge