UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jon Hanson, | Civil No. 09-1070 (SRN/FLN) |
| Plaintiff and Counter-Defendant, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Loparex, Inc., and Loparex, LLC, | |
| Defendants, Counter-Plaintiffs, and Third-Party Plaintiffs, | |
| v. | |
| Mondi Packaging Akrosil, LLC, and Mondi Packaging Minneapolis, Inc., | |
| Third-Party Defendants. | |

Michael H. Streater, and Christianne Riopel Whiting, Briggs and Morgan, P.A., 2200 IDS Center, 80 South Eighth Street, Minneapolis, MN, 55402, for Plaintiff.

Charles W. Pautsch, and Lisa A. Baiocchi, Jackson Lewis LLP, 200 South Executive Drive, Suite 101, Brookfield, WI 53005, for Defendants.

Kerry L. Middleton, Littler Mendelson, P.C., 80 South Eighth Street, Suite 1300, Minneapolis, MN, 55402; and Jonathan O. Levine, Littler Mendelson, P.C., 250 East Wisconsin Ave., Milwaukee, WI, 53202, for Third-Party Defendants.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the request of Defendants Loparex Inc. and Loparex LLC for permission to file a motion for reconsideration of this Court's Order of August 15, 2011 (Doc. No. 468). For the reasons stated below, this Court denies the request.

I.      **FACTUAL AND PROCEDURAL SUMMARY**

On August 15, 2011, following the resolution of the merits of this action, this Court sanctioned counsel for Defendants for pursuing a meritless claim for damages for the costs it allegedly incurred with respect to an audit performed by Ernst & Young, which Defendants had alleged was caused by Plaintiff.  (Doc. No. 462.)

Defendants now request reconsideration of that Order.  (Doc. No. 468.)

II.     **DISCUSSION**

"Motions to reconsider are prohibited except by express permission of the Court, which will be granted only upon a showing of compelling circumstances."  D. Minn. LR 7.1(h).[1]  Such motions are "'dimly view[ed].'"  Gardner v. First Am. Title Ins. Co., 218 F.R.D. 216, 218 (D. Minn. 2003) (quoting Transclean Corp. v. Bridgewood Servs. Inc., 134 F. Supp. 2d 1049 (D. Minn. 2001)).

As the Eighth Circuit has noted, "[t]he Federal Rules of Civil Procedure do not mention motions for reconsideration."  Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999).  Where, as here, the motion is "not directed to a final judgment, but rather to a nonfinal order," a "'motion for reconsideration' should be construed as a Rule 60(b) motion," because "Rule 59(e) motions are motions to alter or amend a *judgment*, not any nonfinal order."  Id. (emphasis in original) (noting that "[b]oth the standard of review and

---

[1] Addressing this District's Local Rule 7.1, the Eighth Circuit has stated that it "doubt[s] that the local rule was intended to apply to post-judgment motions filed within the time limited prescribed in" Rule 59(e), which grants litigants the right to file such motions without first requesting leave to do so.  Dubose v. Kelly, 187 F.3d 999, 1002 n.1 (1999).  Rather, it assumed that the local rule "was intended to apply to litigants' desire to get reconsideration of pre-judgment actions by the trial court."  Id.

2

the precise questions on appeal depend on how" the motion is characterized).[2] A Rule 60(b) motion, brought as a "motion for reconsideration," "is not a vehicle for simple reargument on the merits," even where the movant reargues the merits "somewhat more fully." Id. at 989-90. Rule 60(b) only "authorizes relief based on certain enumerated circumstances (for example, fraud, changed conditions, and the like)." Id. at 990.

After reviewing Defendants' request, which essentially reargues the merits by asserting an error of law by this Court, the Court denies the request for permission to file a motion for reconsideration. Defendants have not demonstrated the requisite compelling circumstances. In any event, the Court discerns no error in its application of the law.

Defendants contend that this Court's Order "grants sanctions only for Loparex's pursuit of one subclaim of a counterclaim amongst multiple counterclaims it plead." (Doc. No. 468, at 1.) Defendants note that in Burull v. First Nat'l Bank of Minneapolis, the Eighth Circuit–relying on the Ninth Circuit's decision in Golden Eagle Distrib. Corp. v. Burroughs Corp.–stated as follows:

> Arthur Young argues, however, that it is entitled to Rule 11 sanctions because the Burulls' complaint contained several *counts* which were meritless as a matter of law, and one count which would prove factually groundless. The thrust of Arthur Young's appeal is that the District Court could not, as a matter of law, decline to impose sanctions once it had established that the Burulls had filed a pleading which incorporated frivolous grounds for relief.
>
> Rule 11 directs sanctions "only when the 'pleading, motion or other paper'

---

[2] A request to reconsider a sanctions decision–a non-final order–is treated as one under Rule 60(b). See Elder-Keep v. Aksamit, 460 F.3d 979, 984-85 (8th Cir. 2006) (treating motion for reconsideration of a non-final order–an order for summary judgment order that did *not* resolve all of the issues on the merits–as a Rule 60(b) motion).

3

> itself is frivolous, not when one of the *arguments* in support of a pleading or motion is frivolous." By definition, every unsuccessful complaint, at some level of analysis, contains either a flawed *argument* or an unsupported *allegation*.

831 F.2d 788, 789 (8th Cir. 1987) (emphases added) (citing Golden Eagle Distrib. Corp. v. Burroughs Corp., 891 F.2d 1531, 1540 (9th Cir. 1986)).

In response, Hanson observes that this Court "imposed sanctions on Loparex's counsel not because it made a frivolous *argument*, but rather because he prosecuted a *claim* having no evidentiary support, resulting in the needless increase of litigation costs." (Doc. No. 476, at 1 (emphases in original).) Hanson also notes that in Burull, unlike here, "the meritless claims 'had no appreciable effect on the litigation of the Burulls' otherwise non-frivolous lawsuit.'" (Id. (quoting Burull, 831 F.2d at 790).)

In awarding Rule 11 sanctions, this Court did not find frivolous or factually unsupported any particular *argument* that Loparex asserted. Rather, it concluded that Hanson and Mondi should recover their fees and costs incurred in defending against Loparex's damages *claim*–which Loparex's counsel pursued, despite lacking any evidentiary support, "right up until the summary judgment hearing." (Doc. No. 462.)

Granted, the Eighth Circuit in Burull seemed to address not only the issue of a frivolous *argument*, but also the issue of a frivolous *claim* within an otherwise non-frivolous pleading. But with respect to the latter, the authority on which the Eighth Circuit relied, the Ninth Circuit's Golden Eagle decision, has been undermined. In Golden Eagle, the court ruled:

> Rule 11 does not apply to the mere making of a frivolous argument. The

> Rule permits the imposition of sanctions only when the "pleading, motion, or other paper" itself is frivolous, not when one of the arguments in support of a pleading or motion is frivolous. Nothing in the language of the Rule or the Advisory Committee Notes supports the view that the Rule empowers the district court to impose sanctions on lawyers simply because a particular ground for relief contained in a non-frivolous motion is found by the district court to be unjustified. In short, the fact that the court concludes that one argument or sub-argument in support of an otherwise valid motion, pleading, or other paper is unmeritorious does not warrant a finding that the motion or pleading is frivolous or that the Rule has been violated.

801 F.2d 1531, 1540-41 (9th Cir. 1986). Then in Murphy v. Business Cards Tomorrow, Inc., the Ninth Circuit–relying solely on Golden Eagle–noted that it has "held that Rule 11 permits sanctions only when the pleading as a whole is frivolous or of a harassing nature, not when one of the allegations or arguments in the pleading may be so characterized." 854 F.2d 1202, 1205 (9th Cir. 1988).

In Townsend v. Holman Consulting Corp., however, the Ninth Circuit, sitting *en banc*, expressly overruled Murphy. The *en banc* court clarified that "much of" its Rule 11 caselaw "concerning the 'frivolousness' prong has been influenced by the misinterpretation of" the above-quoted passage from Golden Eagle. 929 F.2d 1358, 1362-63 (9th Cir. 1991) (as amended on denial of rehearing and rehearing en banc). The court further clarified that in Golden Eagle

> [t]he court was dealing with legal *arguments*, not with allegations or *claims*. Although the underscored phrase, "ground for relief," . . . could be understood to mean "claim" it is clear from the context of *Golden Eagle* that it refers to arguments in support of claims. The passage simply means that if there is a colorable claim to a particular type of relief on a given set of facts and the signer relies on an unsupportable legal theory to bolster his claim when a supportable one exists as well, the signer cannot be sanctioned under Rule 11. In short, *Golden Eagle* did not purport to deal with unwarranted allegations or *claims*; rather it held that legal *arguments*

5

>advanced by counsel do not violate Rule 11 simply by virtue of the fact that counsel's conduct does not comport with [the] ethical rules of the American Bar Association.

Id. at 1363 (emphases added).  The court then explained that in Murphy, "we interpreted . . . Golden Eagle to include not just arguments but allegations, and we did so without any discussion or elaboration."  Id.  "Under *Murphy*, a party that has one non-frivolous claim may pile on frivolous allegations without a significant fear of sanctions."  Id.

Thus, insofar as the Eighth Circuit premised its decision in Burull on Golden Eagle, the basis for any conclusion that Rule 11 permits sanctions only where the "pleading-as-a-whole" violates the rule, that conclusion appears untenable.  As numerous federal circuits have held, both before Townsend and after, Rule 11 permits sanctions where only a part of a pleading fails to meet its requirements.  Wade v. Soo Line R.R., 500 F.3d 559, 562 (7th Cir. 2007) ("A plaintiff who brings distinct claims, one of which is sanctionable, can be ordered to pay attorneys' fees incurred in defending the frivolous claim–but not those incurred in defending non-sanctionable claims."); Perez v. Posse Comitatus, 373 F.3d 321, 325 (2d Cir. 2004) ("A complaint challenged under Rule 11(b) is not ordinarily analyzed as an indivisible unit.  Rather claims are analyzed individually, and the fact that a claim is properly asserted against one defendant does not mean that the same claim may properly be asserted against a different defendant."); Retired Chicago Police Ass'n v. Firemen's Annuity and Benefit Fund of Chicago, 145 F.3d 929, 935 (7th Cir. 1998) ("'A litigant cannot expect to avoid all sanctions under Rule 11 merely because the pleading or motion under scrutiny was not *entirely* frivolous.'"); Dodd Ins.

Serv., Inc., 935 F.2d 1152, 1158 (10th Cir. 1991) ("We hold that a pleading containing both frivolous and nonfrivolous claims may violate Rule 11."); Cross & Cross Prop., Ltd. v. Everett Allied Co., 886 F.2d 497, 504 (2d Cir. 1989) ("But to adopt a standard that would deny sanctions for a significant and obviously meritless claim simply because the rest of the pleading was sound strikes us as contrary to this court's established reading of Rule 11."); Patterson v. Aiken, 841 F.2d 386, 387 (11th Cir. 1988) ("Rule 11 does not prevent the imposition of sanctions where it is shown that the Rule was violated as to a portion of a pleading, even though it was not violated as to other portions."); Frantz v. United States Powerlifting Fed'n, 836 F.2d 1063, 1067 (7th Cir. 1987) ("Rule 11 applies to all statements in papers it covers.  Each claim must have sufficient support; each must be investigated and researched before filing.").  Cf. Frantz, 836 F.2d at 1068 ("[T]he inclusion of one sufficient (and adequately investigated) claim does not permit counsel to file a stream of unsubstantiated claims as riders."); Bay State Towing Co. v. Barge American 21, 899 F.2d 129, 133 (1st Cir. 1990) ("[W]e do not agree that one can escape Rule 11 sanctions in respect to a document that is basically false or misleading or inadequately supported simply by pointing to a separable, minor portion of that document that meets Rule 11"s requirements.")[3]

---

[3]   Defendants contend that the issue "presents a split among federal circuit courts." (Doc. No. 468, at 2 (citing Kearney v. Dimanna, 195 Fed. Appx. 717, 2006 WL 2501414 (10th Cir. 2006).)  In Kearney, however, the Tenth Circuit identified only three decisions, including Burull, "suggesting that sanctions are inappropriate when a pleading contains both valid and frivolous claims."  195 Fed. Appx. 717, 722, 2006 WL 2501414, *4.  The second decision was FDIC v. Tekfen Constr. & Installation Co., 847 F.2d 440 (7th Cir. 1988).  But Tekfen only stated "the fact that one *argument* in an otherwise valid

continue...

7

Under the current version of Rule 11, a party submitting a pleading, motion or other written submission "certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances," the submission satisfies four criteria:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the costs of litigation;
(2) the *claims*, defenses, and *other legal contentions* are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b) (emphasis added). The separate-claim approach of these courts' decisions, including the Tenth Circuit's decision in Dodd, "comports with the plain language of the Rule, which speaks in terms of 'claims' and 'legal contentions.' Each claim must be individually evaluated and the merit or potential merit, of one legal claim does not diminish the command of Rule 11 that *each* claim have the necessary legal support." Kearney v. Dimanna, 195 Fed. Appx. 717, 723, 2006 WL 2501414, *5 (10th Cir. 2006) (emphasis in original) (reaffirming Dodd).

The Eighth Circuit's decision in Burull, as well the Ninth Circuit's decision in

---

[3]...continue
paper is not meritorious 'does not warrant a finding that the motion or pleading is frivolous or that the Rule has been violated.'" Id. at 444 n.6 (emphasis added). Moreover, Tekfen cited a decision that "adopt[ed] [the] rule of Golden Eagle." Id. And the third decision cited in Kearney was Golden Eagle.

Golden Eagle on which it relied, were based on the 1983 version of Rule 11. Under the relevant portion of that version of the Rule (as amended by the 1987 "technical" amendments),

> [t]he signature of an attorney or party constitutes a certificate by the signer that the signer has read the *pleading, motion or other paper*; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it *is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of exiting law*, and that it is not interposed for any improper purpose, such as to harass or to case unnecessary delay or needles increase in the cost of litigation.

Fed. R. Civ. P. 11 (1988) (emphasis added). In substantially rewriting Rule 11, the 1993 amendments, *inter alia*, shifted the analytical focus, at least with respect to Rule 11(b)(2), from the "pleading, motion or other paper" as a whole to the individual "claims, defenses, and other legal contentions."

## III. ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Loparex's request for permission to file a motion for reconsideration of this Court's sanctions Order [Doc. No. 468] is **DENIED**.

Dated: October 11, 2011                                                  s/ Susan Richard Nelson
                                                                          SUSAN RICHARD NELSON
                                                                          United States District Judge