UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jon Hanson, | Civil No. 09-1070 (SRN/FLN) |
|     Plaintiff and Counter-Defendant, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Loparex, Inc., and Loparex, LLC, | |
|     Defendants, Counter-Plaintiffs, and Third-Party Plaintiffs, | |
| v. | |
| Mondi Packaging Akrosil, LLC, and Mondi Packaging Minneapolis, Inc., | |
|     Third-Party Defendants. | |

---

Michael H. Streater, and Christianne Riopel Whiting, Briggs and Morgan, P.A., 2200 IDS Center, 80 South Eighth Street, Minneapolis, MN, 55402, for Plaintiff.

Charles W. Pautsch, and Lisa A. Baiocchi, Jackson Lewis LLP, 200 South Executive Drive, Suite 101, Brookfield, WI 53005, for Defendants.

Kerry L. Middleton, Littler Mendelson, P.C., 80 South Eighth Street, Suite 1300, Minneapolis, MN, 55402; and Jonathan O. Levine, Littler Mendelson, P.C., 250 East Wisconsin Ave., Milwaukee, WI, 53202, for Third-Party Defendants.

---

SUSAN RICHARD NELSON, United States District Judge

This Court previously denied as moot in part, denied in part, and granted in part the motions for Rule 11 sanctions against Defendants Loparex Inc. and Loparex LLC brought by Plaintiff Jon Hanson (Doc. No. 416), and by Third-Party Defendants Mondi Packaging Akrosil, LLC, and Mondi Packaging Minneapolis, Inc. (Doc. No. 448). The Court now awards fees and costs as a sanction, and also taxes costs against Loparex.

## I.     FACTUAL AND PROCEDURAL SUMMARY

On August 15, 2011, after ruling on the parties' summary judgment motions, the Court addressed the last outstanding discovery motions by Hanson and by Loparex, which sought sanctions for alleged discovery misconduct (Doc. Nos. 225, 276 & 290), as well as their Rule 11 motions for sanctions (Doc. Nos. 416 & 448).  The Court, among other things, imposed Rule 11 sanctions against Loparex's counsel.  (Doc. No. 462.)

The Court concluded that Hanson and Mondi should recover their fees and costs incurred in defending against Loparex's damages claim based on the audit that Ernst & Young conducted in early 2009, and which until the summary judgment hearing Loparex had alleged was caused by Hanson's disparaging remarks about Loparex to its bankers who had financed Loparex's acquisition of Douglas-Hanson.  The Court explained that Loparex's counsel lacked–since it first asserted the claim in early November 2009–any evidentiary support whatsoever for that damages claim.  See Fed. R. Civ. P. 11(b)(3). Loparex's counsel repeatedly represented that it made the claim in good faith and with evidentiary support, only for it to become clear in the end that Loparex never had any evidence to support the claim.  And because Loparex nonetheless pursued that claim until finally withdrawing it on April 29, 2011, Loparex needlessly and significantly increased the cost of this litigation.  See Fed. R. Civ. P. 11(b)(1).  Moreover, this was Loparex's *only* clearly-articulated claim for damages.  (Doc. No. 418, at 15-26.)

The Court concluded that effective deterrence of similar conduct requires payment to Hanson and Mondi all of the reasonable attorney's fees and other expenses directly

resulting from Loparex's untenable pursuit of its damages claims for the Ernst & Young audit. Loparex's pursuit of this claim–right up until the hearing on summary judgment–involved an ongoing violation of Rule 11 that caused a needless increase in the cost of this litigation for Hanson and Mondi over a period of about one and one-half years. Each attempt by Hanson and Mondi to ferret out the evidentiary support for Loparex's damages claim resulted, not in the production of evidence permitting them to discern the basis for Loparex's claim, but rather only in a seemingly endless cycle of additional discovery, incrementally increasing the litigation costs to them at every step. Hanson and Mondi then had to address the issue not only in their motions for summary judgment, but also in their responses to Loparex's motion for summary judgment.

The Court further explained that an award of the consequential fees and costs incurred by Hanson and Mondi is proportional to the extent of the violation. Whereas a brief violation of this sort, followed by a prompt concession of the lack of any basis to pursue a baseless claim, would merit only a lesser monetary (or other) sanction, the ongoing violation at issue here warranted the greater sanction of the consequential fees and costs incurred because the violation continued until the claim was withdrawn on April 29, 2011, only after completion of all of the summary judgment briefing and all of the briefing on Hanson's Rule 11 motion, and following the April 18, 2011 hearing on that sanctions motion (but shortly before the May 2, 2011 hearing on summary judgment).

Hanson and Mondi have now submitted affidavits identifying those attorney fees and costs and, as the prevailing parties, their respective bills of costs.

## II. DISCUSSION

### A. Rule 11 Sanctions

#### 1. Hanson's Attorney Fees and Costs

Hanson seeks to recover a total of $50,706.75 of his attorney fees related to the Ernst & Young audit as follows: (1) for time spent generally, with an estimate of the portion attributable to the audit issue; (2) for time spent with respect to depositions, with a best estimate of the portion addressing the audit; and (3) for time spent preparing summary judgment materials, with an estimate of ten percent (10%) of that time being attributable to the audit issue. (Doc. No. 464.)

Loparex objects, arguing that the amount that Hanson's counsel seeks is "not reasonable in light of the pleadings, discovery, and the previous declarations filed," because Loparex's "pleadings minimally referenced the audit claim." (Doc. No. 469, at 3.)[1] But simply counting up the number of pleading paragraphs, discovery requests and pages of summary judgment briefing devoted to the audit as a proportion of the whole is not the proper yardstick. As the Court already has explained, Loparex's lengthy but unsubstantiated pursuit of its claim for audit damages required Hanson's counsel to expend considerable time defending against that claim. (Doc. No. 462, at 5-6, 11-12.)

---

[1] Loparex first argues that the Court may not sanction it for a frivolous argument, only for a frivolous pleading or other submission. (Doc. No. 469.) The Court already has rejected this argument. (Doc. No. 483 (denying Loparex's request for reconsideration of sanctions order).) Loparex also argues that the sanction must be confined to "'the least severe sanction that will adequately deter the undesirable conduct.'" (Doc. No. 469 (quoting Pope v. Federal Express Corp., 974, F.2d 982 (8th Cir. 1992)). The Court also addressed this issue in its earlier order. (Doc. No. 462, at 13.)

Loparex also takes issue with the particular attorney fees Hanson seeks to recover, concluding that they fall into four categories, only one of which properly reflects recoverable fees here. (Doc. No. 469, at 5-6; Doc. No. 471, at 5.) Loparex contends that Hanson improperly seeks to recover attorney fees for (1) time for which recovery should have been sought in prior declarations; (2) for time incurred with respect to "the deposition of witnesses covering a multitude of topics"; and (3) for time incurred with respect to "primarily . . . non-defense work, such as . . . general discovery related matters, settlement, motions initiated by Hanson by which Loparex did not force Hanson to incur fees, and Loparex's motion for punitive damages that was unrelated to the audit claim." (Doc. No. 471, at 5.) Loparex thus argues that only $6,914.20 of the $50,706.75 in fees claimed by Hanson "were reasonably related to the audit claim." (Id. at 7; Doc. No. 469, at 6.) Loparex also claims that the declaration of Hanson's counsel submitted in support of the present request for fees should have required "only . . . $920 in additional fees at declarant's rate, for a total of $7,834.20." (Doc. No. 469, at 6.)

Hanson clarifies that "none of the $50,706.75 in fees now being sought by Hanson . . . include fees that were previously assessed against Loparex in connection with discovery matters." (Doc. No. 479, ¶ 3.) Thus, the Court rejects Loparex's attempt to exclude from recovery the $15,873 that Loparex contends "should have been claimed in a prior declaration."

With respect to the other two categories that Loparex contends should not be recoverable by Hanson, the Court also rejects Loparex's argument that they do not relate

5

to the audit claim.  As the declaration of Hanson's counsel plainly indicates, counsel is seeking only the portion of particular billing entries that is "attributable to [the] audit claim."  (Doc. No. 464, Ex. A.)  The Court thus rejects Loparex's attempt to weed out what it purports to be entire categories of time not spent in connection with the audit.  The very nature of the issue–a claim for damages resulting from an audit–is not conducive to billing entries that separately identify attorney time expressly devoted to that issue.   And, of course, at the time the attorney fees were recorded, counsel could not have known, or reasonably anticipated, that the Court would later permit recovery of those fees, and only those fees, devoted to time spent addressing a particular counterclaim for damages.

Loparex also argues that the sole declarant improperly testifies as to the time spent by others in addition to himself, and that Hanson provides no proof the fees sought "were actually invoiced [to] or paid" by Hanson.  But as counsel for Hanson clarifies, "Hanson has in fact been billed for all of the time now being sought."  (Doc. No. 479, ¶ 5.)  And the Court discerns nothing improper about the fact that Hanson's lead counsel submits a declaration regarding the time spent by other attorneys at his firm.   Such a partner plainly has access to the billing records of those working for him.

Loparex also takes issue with Hanson's counsel's estimate that 10% of counsel's time was spent on the audit, claiming that that percentage "is not uniformly applied and entries are adjusted by inconsistent amounts."  (Doc. No. 469, at 5.)  Loparex notes that "block-billing" is "a 'universally disdained' practice."  (Id.)

But as Hanson clarifies, the 10% estimate applies only to time spent in summary

judgment briefing, not to time spent on other matters, which are governed by counsel's best estimate of the portion of time spent that is attributable to the audit issue. (Doc. No. 479, ¶ 4.) And as explained above, Loparex's objection to "block-billing" is misplaced because Hanson's counsel could not have known, or even reasonably expected, when billing time, that the Court would award sanctions with respect to the audit, such that time incurred on that issue could be separately billed.

Nonetheless, the Court understands that much of Hanson's request is, under the circumstances, necessarily an estimate of the fees incurred with respect to the audit issue. Exercising its discretion, the Court reduces the recoverable fees to $40,000.00.

Finally, the Court recognizes, as Hanson's counsel observes, that the Court has yet to order that Loparex pay for the attorney fees incurred in connection with Hanson's sanctions motion filed on October 4, 2010, and heard on October 18, 2010. (Doc. No. 464, at 3 n.1.) No objection having been filed to that declaration, Hanson's counsel may recover the $2,763.00 in attorney fees spent in connection with Hanson's motion for sanctions.

### 2.   Mondi's Attorney Fees and Costs

Mondi seeks to recover its attorney fees related to the Ernst & Young audit as follows: (1) $2,652.00 for time spent "directly related to Loparex's claim for damages relating to the" audit; (2) $1,371.38 for time spent preparing for, attending and taking depositions where the audit was a topic of questioning, with an estimated five percent (5%) of that time relating to the audit; and (3) $1,653.00 for time spent "reviewing

invoices and transcripts and calculating fees relating to Loparex's claim for damages relating to the" audit. (Doc. No. 463, ¶¶ 2-7, 9.) Mondi also seeks to recover its costs related to the audit, again with an estimated five percent (5%) of the total costs being related to the audit, totaling $265.22. (Doc. No. 463, ¶ 8.) In sum, Mondi seeks a total of $5,676.38 in attorneys fees and $265.22 in costs. (Doc. No. 463, ¶10.)[2]

Loparex objects, arguing that (1) Mondi's affidavit "provides little objective criteria by which to measure the estimated" five percent; (2) the affiant improperly testifies as to the time spent by others in addition to himself; and (3) Mondi provides no proof the fees sought "were actually invoiced to or paid by Mondi." (Doc. No. 472, at 2-3.) Loparex argues that based on the fact that no written discovery requests (interrogatories, document requests) addressed the audit claim, and that the summary judgment brief did not address the audit claim, the time spent by Mondi regarding Loparex's audit claim was only a "nominal sum," largely because that claim was against Hanson, not Mondi. (Id. at 3-4.)

With respect to the corporate depositions, Loparex argues that "Mondi incurred the fees for services by court reporters regardless of any questions it asked related to the audit claim," and that the "amount of questioning Mondi dedicated to the audit claim was nominal." (Id. at 5.) It thus claims that "a nominal sum of $500 more than compensates Mondi for [the] plainly *de minimus* amount of time" spent on that claim. (Id. at 6.)

The Court disagrees. Mondi's counsel's estimate that five percent of the total time

---

[2] Mondi calculates a total of $5,6<u>8</u>6.38, but this is apparently a typographic or computational error.

8

spent concerned the audit is reasonable under the circumstances. As discussed above, the affiant may properly include the time of other attorneys in his firm as well as his own time. And the Court is satisfied that the fees were actually invoiced to Mondi. Mondi's counsel may thus recover $5,676.38 in fees and $265.22 in costs, for a total of $5,941.60.

### B. Taxable Costs

Rule 54 provides, in relevant part, that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). And pursuant to 28 U.S.C. § 1920, a court may tax as costs "'fees of the clerk and marshal, fees of the court reporter, fees and disbursements for printing and witnesses, fees for copies of necessary papers, docket fees, and compensation of court-appointed experts and interpreters.'" 168th & Dodge, LP v. Rave Reviews Cinemas, LLC, 501 F.3d 945, 957 (8th Cir. 2007) (internal citation omitted). See generally United States District Court for the District of Minnesota, Bill of Costs Guide (Nov. 2011).

Because the prevailing party "'is presumptively entitled to recover all of its costs,'" the "losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs." 168th & Dodge, LP, 501 F.3d at 958. This Court has "substantial discretion in awarding costs under Rule 54(d)." Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006).

#### 1. Hanson's Bill of Costs

Hanson seeks to tax a total of $6,550.63 in costs as follows: (1) $350.00 for fees paid to the Clerk of Court; (2) $174.60 for necessary hearing transcripts; and (3)

$6,026.03 for six deposition transcripts.  (Doc. No. 467.)

Loparex objects, arguing that the costs incurred with respect to the depositions of Jon Hanson, Christian Hanson, Mark Rostagno and Paul Siebrasse should be disallowed in their entirety because Hanson "did not use and rely on" those depositions, but rather the declarations of those deponents.  (Doc. No. 480, at 3, 5.)  Loparex also contends that the costs of the depositions of Jack Taylor, James Miksta, and Michael Apperson should be reduced to the proportion actually used to prove a point of fact.  (Id. at 4, 5.)[3]

The Court largely disagrees with Loparex.  With respect to the depositions, the Court is satisfied that Hanson's counsel used the transcripts in more than an "investigative" capacity.  Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006) (court may tax costs of deposition necessarily obtained for use in case and not purely investigative).

The Court agrees that the $174.60 for the October 18, 2010 hearing transcript appears to be a charge for an "expedited" transcript.  The Court declines to tax that cost. Bill of Costs Guide, at 5.  With respect to the depositions, the Court notes that the $450.46 sought for the deposition of Paul B. Siebrasse includes a finance charge of $6.66 for a balance more than 30 days past due.  Thus, Hanson may recover only $443.80 for that deposition.

Loparex also contends that the "costs of both an electronically recorded deposition transcript and the printed deposition transcript" are generally not taxable.  (Doc. No. 480,

---

[3] Loparex also seeks leave to file its opposition one day late.  (Doc. No. 480, at 6.)  The Court grants Loparex's request.

at 4-5.) But Loparex fails to identify which particular transcripts it claims were thus provided in both forms or that Hanson seeks to tax the costs of both. The Court notes that certain deposition transcripts may have been provided in both formats, but the invoice does not delineate separate charges for the particular formats. With respect to the depositions of Miksta and Rostagno, however, the court reporter's invoice discloses a separate charge for an "[e]xpedited [r]ough" draft of $156.40. Accordingly, the court will deduct that amount from the $2,679.19 claimed by Hanson's counsel. In sum, Hanson is entitled to recover costs in the amount of $6,212.97.

### 2. Mondi's Bill of Costs

Mondi seeks to tax costs as follows: (1) $6,693.98 related to deposition transcripts; (2) $40.00 in witness fees; and (3) $43.56 for copies. (Doc. Nos. 477, 478.) In sum, Mondi seeks a total of $6,777.54 in taxed costs.[4]

Loparex objects, arguing that Mondi should not be able to tax costs for the transcripts of the depositions of Hanson, Mays, Schabinger, Rostagno, Monroe, Booher and Siebrasse, because they were "investigative" in nature and not "necessarily obtained for use in the case." (Doc. No. 481.) It also argues that the costs of the depositions of Taylor, Miksta and Apperson should not be taxed in full, but only in proportion to their being used to actually prove a point of fact. (Id.) In addition, it contends that the Hanson and Siebrasse deposition transcripts exist in both a printed and an electronic form, such that both forms may not be taxed. (Id.) It also argues that costs for expedited transcripts

---

[4] Mondi's total of $6,7<u>8</u>4.<u>7</u>4, is apparently a computational error.

or costs for shipping or courier fees may not be taxed. (Id.) Finally, it argues that the law does not permit taxation of costs for copies obtained for hearings, expedited items, electronic versions or copies, and copies for use of counsel. (Id.)

In addition to the reasons provided with respect to Hanson's bill of costs, the Court agrees with Mondi that Loparex has failed to satisfy its burden, as the losing party, to overcome the presumption that the prevailing party is presumptively entitled to recover all of its costs. Loparex recites general principles of law with respect to the taxation of costs but does not demonstrate how or why those principles warrant the disallowance of specific costs incurred here. Mondi is thus entitled to recover $6,777.54 in costs.

### III.  ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Loparex's counsel shall pay Hanson, as a Rule 11 sanction, $40,000.00;

2. Loparex's counsel shall pay Hanson, as this Court previously ordered (Doc. No. 249), for the fees and costs incurred in bringing an earlier motion for sanctions (Doc. No. 225), $2,763.00;

3. Loparex's counsel shall pay Mondi, as a Rule 11 sanction, $5,941.60;

4. Hanson shall recover from Loparex, as taxable costs, $6,212.97; and

5. Mondi shall recover from Loparex, as taxable costs, $6,777.54.

Dated: February 23, 2012

    s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge